110 F.3d 66
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elroy Lamont RHODES, Defendant-Appellant.
 No. 96-1045.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1997.
 
 Before: WELLFORD, RYAN, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The question ostensibly posed in this appeal by Elroy Rhodes is whether a defendant who offers to plead guilty to a drug-conspiracy charge must identify his or her co-conspirator(s), as a basis for the court's acceptance of the guilty plea. (The district judge in this case concluded that without the information in question, there could not be a satisfactory factual predicate for the defendant's guilty plea and rejected it.) The actual question, however, is whether the district judge abused his discretion in denying the defendant a reduction in his sentence for acceptance of responsibility, based on Rhodes's willingness to plead guilty. We find no basis on which to reduce the sentence, and we therefore affirm.
 
 
 2
 Rhodes was originally charged with one count of conspiracy to distribute cocaine, three counts of distributing cocaine, and two counts involving the use or possession of a weapon. Rhodes wished to plead guilty to the four drug-distribution counts and go to trial on the two weapons offenses, even though he had no Rule 11 agreement with the government concerning the disposition of any of the various charges against him. The district court accepted Rhodes's guilty pleas to the three cocaine distribution charges but rejected his plea to the conspiracy charge, after Rhodes refused to confirm or deny under oath that his two co-defendants were part of the conspiracy and, further, refused to name any others as co-conspirators.
 
 
 3
 Rhodes went to trial on the remaining three counts and was convicted on all three. After trial, one of the two weapons charges was dismissed by the government, apparently on the basis of the Supreme Court's then recent opinion in Bailey v. United States, 116 S.Ct. 501 (1995).
 
 
 4
 Because the defendant was willing to swear that there were "other individuals besides [himself] involved in the deal," though unwilling to name them, he now insists that his statement in this regard should have been sufficient to provide a factual basis for the court's acceptance of a guilty plea on the conspiracy charge. Had his guilty plea been accepted, he argued in his brief on appeal, his overall sentence would have been lower because he would have received a two-point reduction in his base offense level for acceptance of responsibility.
 
 
 5
 We conclude that this argument fails for two reasons. First, as defense counsel conceded at oral argument, the base offense level in this case was ultimately determined not by the conspiracy conviction but by the defendant's conviction as a felon-in-possession, the more serious weapons charge. Because the five offenses were grouped together for purposes of sentencing, and because the weapons conviction controlled the calculation of his base offense level, a two-point reduction for acceptance of responsibility concerning the conspiracy charge would have made no difference in the calculation of Rhodes's sentence. Thus, the question is effectively moot.
 
 
 6
 Second, under USSG § 3E1.1(a), a decrease of two levels in the base offense may be granted only "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." (Emphasis added.) In order to obtain such a reduction, "a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction...." USSG § 3E1.1 comment (n. 1). But although a guilty plea prior to trial may "constitute evidence of acceptance of responsibility for the purpose of subsection (a)," USSG § 3E1.1 commen (n. 3), it is equally true that "a defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." Id. Hence, even if the defendant's proffered guilty plea had been accepted in this case, there is no guarantee that the district could would have awarded a two-level reduction for acceptance of responsibility. The matter would have been discretionary with the trial judge, as was the decision to accept or reject a guilty plea. On the record before us, we find no abuse of discretion.
 
 
 7
 For these reasons, the judgment of the district court is AFFIRMED.